UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA G., | ) |
| Plaintiff, | ) No. 18 C 8251 |
| v. | ) Magistrate Judge M. David Weisman |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Sandra G. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff applied for benefits on May 18, 2015, alleging a disability onset date of April 26, 2015. (R. 100.) Her application was denied initially and on reconsideration. (R. 108, 125.) Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on May 23, 2017. (*See* R. 36-84.) In a decision dated December 29, 2017, the ALJ found that plaintiff was not disabled. (R. 15-25.) The Appeals Council declined review (R. 1-4), making the ALJ's decision the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 18.) At step two, the ALJ determined that plaintiff has the severe impairments of right leg fracture and right arm injury. (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (R. 19.) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform sedentary work with certain exceptions. (R. 20, 23.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 24-25.)

Plaintiff contends that her anxiety and depression are severe impairments, *i.e.*, they "significantly limit [her] . . . mental ability to do basic work activities" 20 C.F.R. § 404.1522(a), and the ALJ's contrary conclusion is not supported by substantial evidence. The Court agrees. The ALJ said these impairments are not severe because: (1) plaintiff's benefit applications do not say that these conditions are disabling; (2) she is able to socialize with friends and family and attend monthly doctors' appointments; (3) a note from a medical visit shows that she had "unremarkable mood, affect, speech, thought process, and no psychomotor activity"; (4) she stopped taking psychiatric medications; and (5) the agency consultants found plaintiff's anxiety to be non-severe. (R. 18-19.)

First, the record shows that plaintiff asked the Commissioner to make a decision on her applications without considering her mental impairments not because the impairments were non-severe but because she would likely miss the consultative exam. (*See* R. 87-88.) Second, as the Seventh Circuit has emphasized, plaintiff's ability to socialize and attend doctors' appointments has little, if any, bearing on whether her mental impairments significantly limit her ability to work. *See Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013) ("We have repeatedly cautioned that a person's ability to perform daily activities, especially if that can be done only with significant limitations, does not necessarily translate into an ability to work full-time."); *Mason v. Barnhart*, 325 F. Supp. 2d 885, 904 (E.D. Wis. 2004) ("One can be disabled and yet get together with friends from time to time. Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.") (quotation and citations omitted). Third, the medical evidence regarding plaintiff's mental state cited by the ALJ is a one-sentence notation from a doctor she visited for chest pain (R. 18, 6432), not for a mental health evaluation. Fourth, plaintiff testified that she stopped taking psychiatric medications because "it was hard for [her] to get to the

providers that [she] need[ed] because of [her] insurance" (R. 64), an issue the ALJ was required to, but did not, explore during the hearing or mention in his decision. *See Beardsley v. Colvin*, 758 F.3d 834, 840 (7th Cir. 2014) ("[T]he ALJ may not draw any inferences about a claimant's condition from [her] failure [to obtain treatment] unless the ALJ has explored the claimant's explanations as to the lack of medical care.") (quotation omitted). Finally, the agency consultants' opinions are inconsistent, describing anxiety as a severe impairment at the initial level and a non-severe impairment at the reconsideration level. (*Compare* R. 88, *with* R. 121.) In short, the ALJ's proffered reasons for concluding that plaintiff's mental impairments are not severe are unsupported or otherwise insufficient.

Moreover, even if the ALJ's conclusion that plaintiff's mental impairments are not severe were correct, the case would still have to be remanded because he failed to incorporate in the RFC any limitations with respect to these impairments. (*See* R. 20); *see also Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) ("When determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment. . . . [and the] failure to fully consider the impact of non-severe impairments requires reversal."). The ALJ's failure to account for the mild limitations he said plaintiff has in understanding, remembering and applying information, interacting with others, concentrating, persisting, and maintaining pace, and adapting and managing herself (*see* R. 19) would require a remand, even if the ALJ's decision were otherwise sound.[1]

---

[1] Because this issue is dispositive, the Court need not address the other issues plaintiff raises.

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [18], denies the SSA's motion for summary judgment [26], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order pursuant to sentence four of 42 U.S.C. § 405(g).

**SO ORDERED.**  　　　　　　　　　　**ENTERED:** **September 23, 2019**

_____
**M. David Weisman**
**United States Magistrate Judge**